UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA

```
FILED BY ___PG___ D.C.

MAR 13 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI
```

UNITED STATES OF AMERICA,

CASE NO. 97-6002-CR-MARTINEZ

v.

DAVID ANTHONY ROSTAN, JR

REQUEST FOR A REDUCTION IN SENTENCE
PURSUANT TO SECTION 404 OF THE FIRST STEP ACT 2018

Comes now David A. Rostan, in pro se in the above
style cause a moves the Court for the Imposition
of a reduced sentence pursuant to Section 404
of the First Step Act. (FSA)

Section 404 of the First Step Act of December 21,
2018 independently authorizes a district court to
Impose a reduced sentence for a crack cocaine conviction
where the statutory penalty provision of the FSA
would have applied had that Act been in effect at
the time of the original sentencing. Rostan was
convicted in December 1999 for crack cocaine.
This conviction Rostan was sentenced to life.

The FSA reduced penalty structure would

have applied to Rostan's crack cocaine sentence had that Act been in effect at that time. This Court is authorized to impose a reduced sentence under Section 404. Rostan request that the Court, pursuant to Section 404 reduce the sentence to time served.

## STATEMENT OF FACTS

Rostan was charged with and found guilty after a jury trial of credit card fraud, possession of fraudulent documents, possession with intent to distribute crack cocaine and possession with intent to distribute powder cocaine. Rostan's conviction was affirmed on appeal by the Eleventh Circuit. The Supreme Court denied Certiorari on June 28, 2002.

Rostan was subjected to the harshest tier of penalties, those of 841(b)(1)(A). Which at that time, was ordinarily found by a judge as to the amount at sentencing rather than by a jury at trial. Prior to trial the government filed an Information pursuant to 21 U.S.C 851. It was determined that the mandatory minimum sentence for Rostan's crack cocaine offense

was 20 years and that Rostan's statutory maximum was like. The District Court imposed a sentence of like to be followed by 10 years supervised release.

## ARGUMENT

## ROSTAN IS ELIGIBLE FOR A REDUCED SENTENCE UNDER SECTION 404

The First Step Act of 2018 has created a freestanding remedy to retroactively reduce sentences of this type. The FSA aims to let courts impose reduced sentences on any prisoner who is still serving a sentence for a crack cocaine offense if that sentence was imposed when the pre-FSA penalty structure still applied.

Section 404 of the FSA establishes its remedy in two steps, and it clearly applies to Rostan at each step.

First, the Act defines what offenses

are covered by its remedy:

Definition of Covered Offense: In this section, the term "covered offense" means a violation of a Federal Criminal Statue, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) that was committed before August. 3, 2010.

Rostan's drug offense is a "covered offense." That is clearly so because Section 2 of the FSA "modified" the "statutory penalties" under 841(b) for violation(s) of 21. U.S.C. 841(a) that involved crack cocaine, which was in fact Rostan's violation. The offense was committed prior to August 3, 2010.

Second, the Act provides the circumstances under which a district court can reduce the sentence for defendants who were previously sentenced for a "covered offense":

Defendants Previously Sentenced: A court that imposed a sentence for a covered offense may, on motion of the defendant ,,, , impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed. (Id., Sec. 404(b).)

This provision plainly applies to Rostan because this Court previously "imposed a sentence" on him "for a covered offense" and he is moving for imposition of a reduced sentence. Thus, this Court can now "impose a reduced sentence" on Rostan for the crack cocaine offense as if the FSA were in effect.

The only limitations on this resentencing power are aimed at preventing a defendant from receiving multiple reduction due to the FSA or from filling multiple motions for a

-5-

Section 404 reduction. (Id., Sec. 404(c).) Neither of these limitations apply to Rostan. Rostan is serving a life sentence on the crack conviction, and this is Rostan's First Section 404 motion.

In sum, proving eligibility under the First Step Act (FSA) is relatively simple. A defendant is eligible if he was convicted of a crack cocaine offense, was sentenced when pre-FSA statutory penalties were still in effect, and continues to serve a sentence that has not already been reduced to post-FSA levels. Because Rostan satisfies all of these requirements, the Court has the authority to impose a reduced sentence for his crack cocaine conviction.

II  The Court should impose a reduced sentence of time served.

The guidance Congress has given authorized the court under Section 404 relief is to say

6

that the district court may impose a reduced sentence "as if" the FSA's reduced crack cocaine penalties "were in effect at the time the covered offense was committed." This broad grant of resentencing authorities contains one implied limitation, viz, that the court cannot impose a sentence lower than the statutory mandatory minimum applicable under the FSA to the defendants offense of conviction.

For example, if a defendant was convicted at trial in 2009 where the jury found defendant distributed "50 grams or more" of crack cocaine, the post-FSA mandatory minimum sentence would be 5 years because that is the post-FSA minimum for an offense involving 28 grams or more of crack. 21 U.S.C. 841 (b)(1)(B)(iii). In that case, the district court, acting pursuant to Section 404, could not reduce the defendant's sentence below 5 years.

Here, no such factor restricts the Court. No jury found Rostan responsible for any particular quantity of crack. Thus, if the

FSA were in effect, Rostan would not be subjected to any mandatory minimum, and so the Court is not restricted in any way when imposing a reduced sentence under Section 404.

Perhaps the government will argue that, since at the time of Rostan's conviction and sentencing it was customary for the sentencing judge to determine the drug quanity at sentencing. The practice of finding sentence-enhancing drug quanities at sentencing was a violation of the Sixth Amendment right to trial. Judges cannot find facts that increase a defendant's mandatory minimum or that increase a defendant's mandatory minimum or that increase a defendant's statutory maximum. See Apprendi v. New Jersey, 530 U.S. 466 (2000) and Alleyne v. United States, 133 S.Ct. 2151 (2013). Meanwhile, Congress enacted Section 404 to rectify wrongs. It would be untenable to assume that Congress, when acting to rectify wrongs, meant to direct courts to perpetuate unconstitutional practices.

8

The Court could nonetheless reduce Rostan's sentence to as little as 5 years - while Rostan has already served well over 20 years. Thus, under Section 404, the Court is authorized to impose a sentence as short as time served for Rostan's crack cocaine conviction.

During Rostan's service of a very long sentence, Rostan has shown an extraordinary record of rehabilitation. Rostan has an impeccable Institution record, positive respectful attitude and evident propensity to do well upon release.

Continuing to imprison Rostan who is over 65 years serves no useful purpose. Rostan respectfully request that the Court, pursuant to Section 404, reduce the sentence to time served. A sentence of time served satisfies all of the factors under 18 U.S.C. 3553(a).

## RELIEF REQUESTED

Section 404 grants the district courts

9

broad discretion to reduce sentences imposed under the excessively-harsh penalty structure that Congress has no renounced. Rostan is certainly deserving of such a reduction, and respectfully ask that the Court reduce the crack cocaine sentence to time served.

David A. Rostan #23005004
U.S. Penitentiary Yazoo
P.O. Box 5000
Yazoo City, MS 39194

Certificate of Service

I hereby certify that on March 4, 2019 I mailed this document to the U.S. District Court, Clerk of Court Room 8N09, 400 North Miami Avenue, Miami, FL 33128-7716

David A. Rostan

⇔23005-004⇔
David Anthony Rosen
Reg. No. 23005-004
PO BOX *5000
Yazoo U.S. Penitentiary
Yazoo CITY, MS 39194
United States



U.S. District Court
Clerk of the Court
400 North Miami Ave
Room 8N09
Miami, Florida
33128-7716