UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 97-6002-CR-MARTINEZ

UNITED STATES OF AMERICA,

v.

DAVID ANTHONY ROSATN, JR.,

        **Defendant.**
_____/

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR IMPOSITION OF A REDUCED SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this response in opposition to David Anthony Rostan Jr.'s motion for imposition of a reduced sentence pursuant to Section 404 of the First Step Act (DE 361) and states as follows:

### RELEVANT BACKGROUND

    On December 9, 1999, the defendant was found guilty by a jury of Counts One through Four of the Superseding Indictment, charging him with trafficking in counterfeit access devices, in violation of 18 U.S.C. § 1029(a)(2) (Count One); possession of fraudulent immigration documents, in violation of 18 U.S.C. § 1546(a) (Count Two); possession with intent to distribute a mixture and substance containing cocaine base, that is, crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Three); and possession with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Four) (DE 24; PSI ¶ 1). The Superseding Indictment did not specify a penalty provision of Section 841(b)(1) for Counts Three and Four (DE 24). Moreover, the jury's verdict did not specify the quantity of crack cocaine involved in the offense (DE 190).

The PSI calculated the defendant's base offense level for Counts Three and Four at a level 38 based upon the amount of crack cocaine involved – specifically 865.8 grams – and the defendant's possession of a dangerous weapon (PSI ¶¶ 34, 35, 39).[1] Prior to the commencement of the trial, the government had filed an information pursuant to 21 U.S.C. § 851, advising the defendant that he was subject to a sentencing enhancement pursuant to 841(a)(1) as the result of his two prior qualifying felony convictions (DE 175). As the offense involved 50 grams or more of crack cocaine, and because an 851 enhancement applied, the statutory range of imprisonment was a mandatory life sentence, pursuant to Section 841(b)(1)(A) (PSI ¶ 75). The defendant did not object to either the amount of crack cocaine set forth in the PSI or the statutory range of imprisonment (DE 218, 219). The PSI next determined that the defendant had 9 criminal history points, resulting in a criminal history category IV (PSI ¶ 61). Based on the defendant's total offense level of 38 and criminal history category of IV, the resulting guideline range was 324 to 405 months' imprisonment (PSI ¶ 76). However, as previously stated, because of the 851 enhancement filed as to Count Three, the defendant was subject to a mandatory term of life imprisonment, pursuant to Section 841(b)(1)(A) (PSI ¶ 75).

On March 23 2000, the Court sentenced the defendant to a term of life imprisonment (DE 266).[2] The defendant appealed, and his conviction was affirmed in an unpublished opinion.

---

[1] The PSI further calculated the defendant's possession of 184.6 grams of cocaine Count Four, which was grouped with Count Three (PSI ¶ 34). The conversion table in USSG § 2D1.1 converted both the 184.6 grams of cocaine (36.92 kilograms of marijuana) and the 865.8 grams of crack cocaine (17,316 kilograms of marijuana) for a total of 17,352.92 kilograms of marijuana, yielding a base offense level of 36 (at least 10,000 kilograms but less than 30,000 kilograms of marijuana) (PSI ¶ 34).

[2] The life sentence consisted of the following: 120 months' imprisonment as to Counts One and Two, 360 months' imprisonment as to Count Four, and life imprisonment as to Count Three, all counts to run concurrently with each other (DE 266:2).

*United States v. Rostan*, 2001 U.S. App. Lexis 32344 (11th Cir. 2001). The Supreme Court denied certiorari review on June 28, 2002. *Rostan v. United States*, 536 U.S. 970, 122 S. Ct. 2688 (2002).

The defendant subsequently filed his first § 2255 motion to vacate, Case No. 03-61167-CV- Martinez, raising two grounds for relief: (1) trial counsel was ineffective for failing to pursue the motion to suppress filed by prior counsel; and (2) appellate counsel was ineffective for failing to raise a speedy trial claim and the ineffective claim on direct appeal (CV1-DE 1).[3] On November 19, 2008, the Eleventh Circuit denied Defendant's certificate of appealability because Defendant had failed to make a substantial showing of the denial of a constitutional right, in accordance with 28 U.S.C. § 2253(c)(2) (CV1-DE 58).

Simultaneously while appealing the denial of his first § 2255 motion, Defendant filed a second motion to vacate, Case No. 06-60073-CV-Gonzalez, challenging the constitutionality of his convictions and sentences in light of *United States v. Booker*, 543 U.S. 220, 229 (2004) (CV2-DE 1).[4] The Court adopted a Report and Recommendation recommending that the motion be dismissed as a successive petition without permission from the Eleventh Circuit to file a new petition on April 11, 2006 (CV2-DE 5). Defendant did not file an appeal of this order.

In October 2013, the defendant filed a Rule 60(b)(6) motion seeking to set aside, based upon a "fraud on the court" argument, the judgment entered in his first § 2255 motion (DE 321). On December 12, 2014, the Court denied the defendant's motion, finding no evidence of fraud, and further noting that the basis for the present motion was untimely in the Eleventh Circuit (CR-DE 333). On July 29, 2015, the Eleventh Circuit denied the defendant's motion for certificate of appealability to appeal the denial of his Rule 60(b) motion on the basis that the defendant had

---

[3] Citations to Case No. 03-61167-CV-Martinez are designated as "(CV1-DE __)."

[4] Citations to Case No. 06-60073-CV-Gonzalez are designated as "(CV2-DE __)."

failed to make the requisite showing that a certificate of appealability was meritorious because "reasonable jurists would find debatable both (1) the merits of an underlying claim, and (2) the procedural issues that he seeks to raise" (DE 343).

Undeterred, the defendant filed yet another Rule 60(b) motion in both his initial § 2255 proceeding, as well as, his underlying criminal case, again seeking to challenge the constitutionality of his criminal convictions and sentences entered in the instant case (CV1-DE 60). Therein, the defendant requested that the Court vacate the judgment of his initial § 2255 proceeding, and reconsider granting him relief based on the *United States v. Holloway*, 2014 WL 3734269 (E.D.N.Y. 2014) decision. The Court, upon careful review, determined that the motion was in legal effect an improper Rule 60(b) motion, and was construed as a new proceeding filed pursuant to 28 U.S.C. § 2255. Consequently, an order was entered directing the Clerk to take the Rule 60(b) motion filed in the defendant's initial § 2255 proceeding, and open a new case, pursuant to § 2255, Case No. 16-60783-CV-Martinez (CV3-DE 1).[5] The 2016 proceeding was dismissed for lack of jurisdiction as it was an improper Rule 60(b) motion, and an unauthorized, successive § 2255 motion, because the defendant had not obtained permission from the Eleventh Circuit to file a successive petition (CV3-DE 4, 9).

On January 30, 2017, the defendant returned yet again to the Court, filing another § 2255 motion to vacate, Case No. 17-60291-CV-Martinez (CV4-DE #1).[6] This time, the defendant argued that pursuant to the "Holder memo," the Government "likely would not [have] filed . . . the 851 enhancement" against him (CV4-DE 1). Therefore, the defendant argued his sentence today would have been significantly lower (*id.*). On March 1, 2017, the Court entered an order adopting

---

[5] Citations to Case No. 16-60783-CV-Martinez are designated as "(CV3-DE __)."

[6] Citations to Case No. 17-60291-CV-Martinez are designated as "(CV4-DE __)."

the Report and Recommendation, recommending that the defendant's motion to vacate be dismissed for lack of jurisdiction, as a successive, unauthorized § 2255 motion (CV4-DE 7).

On July 18, 2017, the defendant filed a Request that the Government Reduce the Sentence in the Spirit of Fairness (DE 350). The Court denied the defendant's motion as moot, as it had already entered a final order denying the defendant's motion to vacate in Case No. 17-60291-CV-Martinez (DE 352).

On April 13, 2018, the defendant again returned to the Court filing a motion requesting the Government to file a Downward Departure Under 18 U.S.C. § 3553 (DE 354). In his motion, the defendant requested that the Court "encourage the Government to consider withdrawing the information of the 21 U.S.C. § 851 so that the Court may impose a sentence that better serves the interests of justice" (DE 354). The Court denied the motion based on lack of jurisdiction (DE 356).

On March 13, 2019, the defendant filed the instant motion for a reduction of his sentence based on the First Step Act (DE 361). In his motion, the defendant argues that his drug offense is a "covered offense" because Section 2 of the First Step Act "modified the statutory penalties under 841(b) for violation(s) of 21 U.S.C. [§] 841(b) for violation(s) of 21 U.S.C. 841(a) that involved crack cocaine, which was in fact Rostan's violation" (DE 361:4). The defendant further argues that "[n]o jury found Rostan responsible for any particular quantity of crack. Thus, if the FSA were in effect, Rostan would not be subjected to any mandatory minimum, and so the Court is not restricted in any way when imposing a reduced sentence under Section 404" (DE 361:7-8).

## ARGUMENT

Title 18, United States Code, Section 3582(c)(1)(B) authorizes a court to "modify an imposed term of imprisonment to the extent otherwise authorized by statute . . .." On December

21, 2018, the First Step Act became law.  Section 404 of the First Step Act provides that in the case of a defendant who, before August 3, 2010, committed a violation of a criminal statute, the penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), a court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  Section 2 of the Fair Sentencing Act increased the threshold amount of cocaine base in 21 U.S.C. §§ 841(b)(1)(A)(iii) and 960(b)(1)(C) from 50 grams to 280 grams and increased the threshold amount of cocaine base in 21 U.S.C. §§ 841(b)(1)(B)(iii) and 960(b)(2)(C) from 5 grams to 28 grams.  Section 3 of the Fair Sentencing Act did away with the mandatory minimum sentence for possession of cocaine base in 21 U.S.C. § 844(a).

The defendant was charged with, and was found guilty of, possessing with intent to distribute "a mixture and substance containing cocaine base, that is crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1) (DE 24, PSI ¶ 1).  The actual weight of the drugs was "865.8 grams of crack cocaine" (PSI ¶ 34).  At the time of the defendant's sentencing, this resulted in a statutory range of imprisonment of mandatory life, under Section 841(b)(1)(A) because of the enhanced penalties pursuant to Section 851.  Had Section 2 of the Fair Sentencing Act been in effect at the time of the defendant's sentencing, it would have had no impact on the defendant's sentence.  Because the Court found that the offense of conviction involved more than 280 grams of crack cocaine (specifically 865.8 grams of crack cocaine), the offense of conviction would still have been covered by Section 841(b)(1)(A).  This means that the defendant's statutory range of imprisonment would still have been mandatory life.

To the extent that the defendant is arguing that he should be resentenced because neither the Superseding Indictment nor the jury's verdict specified a quantity of crack cocaine, and

therefore he is no longer subject to any mandatory minimum sentence, the defendant's argument is unavailing (DE 361:7-8). The First Step Act only affords courts jurisdiction to reduce the sentence of a defendant who "committed a violation of a criminal statute, the penalties for which were modified by section 2 or 3 of the Fair Sentencing Act." While Sections 2 and 3 of the Fair Sentencing Act modified the penalties for offenses involving 50 or more grams and 5 or more grams of crack cocaine under Sections 841(b)(1)(A) and (B), nothing in the Fair Sentencing Act modified the penalties for offenses involving an unspecified amount of crack cocaine under Section 841(b)(1)(C). So if, as the defendant suggests, he was convicted of an offense involving an unspecified quantity of crack cocaine under Section 841(b)(1)(C), then the First Step Act would not afford the Court with jurisdiction to reduce his sentence.

Of course, as reflected in the PSI, the defendant was convicted and sentenced under Section 841(b)(1)(A) rather than Section 841(b)(1)(C) (PSI ¶ 76). In reality, the defendant's argument that the Court should reduce his sentence to no more than 20 years of imprisonment is not based upon the retroactive application of the Fair Sentence Act. Rather, the defendant suggests that the mandatory life sentence was illegal when originally imposed because neither the Superseding Indictment nor the jury's verdict specified an amount of crack cocaine. The defendant's challenge to the legality of his sentence based upon the language of the Superseding Indictment or the jury's verdict should have been raised at sentencing, on appeal, or as part of a Section 2255 motion. As the defendant failed to raise such a challenge through any of these vehicles, the Court lacks the jurisdiction to consider the defendant's challenge to his sentence.

In any event, the defendant's challenge to the Court's imposition of a sentence in excess of 20 years based upon the language of the Superseding Indictment or the jury's verdict is

unavailing.[7] At the time of the defendant's conviction the law in this Circuit was clear "that the weight or quantity of a controlled substance is not an element of the offense that must be included in a § 841(a)(1) indictment." *United States v. Perez*, 960 F.2d 1569, 1574 (11th Cir. 1992). Accordingly, "[b]ecause the quantity of controlled substance triggering the enhanced penalties provided in § 841(b) is relevant only at sentencing, there is no reason that the quantity involved must necessarily appear in the indictment if the defendant is otherwise on adequate notice that enhanced penalties are available." *Id*.   Under this then-controlling law, there was no error in the Court imposing a sentence in accordance with the penalty provisions of Section 841(b)(1)(A) even though the Superseding Indictment and the jury's verdict did not allege a specified quantity of crack cocaine.

This law changed in the wake of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Supreme Court held that any fact, other than a prior conviction, that increases the statutory maximum for a crime must be charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt.[8] However, the Eleventh Circuit has made clear that "the new constitutional rule of criminal procedure announced in *Apprendi* does not apply retroactively on collateral review." *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001).[9] Moreover, where, as here, a defendant fails to raise an *Apprendi*-claim on direct appeal, that claim is procedurally

---

[7] Even if the defendant had been responsible for less than 28 grams of crack cocaine (which he was not) such that his statutory maximum sentence would have been dictated by Section 841(b)(1)(C), the defendant would not have been subject to a statutory maximum sentence of 20 years as he argues. Rather, because of the 851 enhancement, had the drug quantity been less than 28 grams, he would have been subjected to a 30-year maximum sentence.

[8] *Alleyne v. United States*, 570 U.S. 99 (2013), would later extend the *Apprendi* doctrine to facts that establish a mandatory minimum sentence.

[9] The same is true of *Alleyne*. *See Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285–86 (11th Cir. 2014).

8

defaulted. *See id*. at 1258-59. Indeed, even when an *Apprendi*-claim is raised for the first time on direct appeal, and thus subject to plain error review, a defendant cannot satisfy his burden of establishing that the failure to allege a drug quantity in the charging document seriously affected the fairness, integrity, or public reputation of the judicial proceeding when the evidence regarding the quantity of drugs was "overwhelming" or "essentially uncontroverted." *United States v. Cotton*, 535 U.S. 625, 633 (2002). That is the case here, where the defendant never contested the fact that the offense involved 865.8 grams of crack cocaine. *See also United States v. Swatzie*, 228 F.3d 1278, 1283-84 (11th Cir. 2000)(there was no plain error in the failure of the indictment to allege a drug amount in light of the trial evidence regarding the amount of drugs involved in the offense); *United States v. Cromartie*, 267 F.3d 1293, 1297 (11th Cir. 2001) (same).

      The First Step Act only directs courts to examine a sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time, not to change the manner of determining quantity. Such a determination at this time does not offend *Apprendi* as it does not involve any *increase* in a sentence based on judge-found facts. To the contrary, the First Step Act only authorizes a court to "reduce" a sentence, and further makes clear that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act, Sec. 404(c); *see also Dillon v. United States,* 560 U.S. 817 (2010) (holding that a court need not apply *Booker v. United States,* 543 U.S. 220 (2005), which rendered the Guidelines advisory, to remedy a violation of *Apprendi* where the court is considering only whether to reduce a sentence based on a retroactive guideline amendment).

      Moreover, if the *Apprendi* doctrine could apply in this circumstance, the Court should exercise the plenary discretion afforded by the First Step Act and not reduce the defendant's sentence under that Act. The defendant should not receive a windfall simply because the

9

government did not have the foresight to anticipate both *Apprendi* and the Fair Sentencing Act and charge that the offense involved "280 grams or more" – rather than "mixture and substance containing . . . crack cocaine." Such an outcome would offend "the need to avoid unwarranted sentencing disparities among" similarly situated offenders under 18 U.S.C. § 3553(a)(6), and the need for a sentence to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense" under Section 3553(a)(2)(A). *See Dorsey v. United States*, 567 U.S. 260, 276–79 (2012) (expressing the importance of consistency in sentencing similarly situated offenders when determining the retroactive application of a statutory amendment).

Equally unavailing is the defendant's argument that because Section 401 of the First Step Act lowered the statutory-minimum sentences under 841(b)(1)(A) for recidivists, and also changed the definition of qualifying predicate offenses, he should be resentenced. Section 401 of the First Step Act, unlike other sections of the Act, does not apply retroactively to defendants who were sentenced prior to its enactment. Rather, Section 401 states:

> This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, ***if a sentence for the offense has not been imposed as of such date of enactment***.

First Step Act, Section 401(c) (emphasis added). By contrast, Section 404(b) provides only for imposition of "a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Put another way, a matter involving the Fair Sentencing Act is not a case in which "a sentence has not been imposed as of" the date of enactment of the First Step Act; it is a case in which a sentence was imposed and may now be reduced in specified circumstances. The amendments in Section 401 should not be applied in such a proceeding. Any different result would cause inconsistent treatment between crack-cocaine

offenders who were originally sentence before the Fair Sentencing Act, and every other recidivist subject to Section 841(b)(1)(A) or (B) who was sentenced in all the years afterwards up to the enactment of the First Step Act. Because the defendant's sentence in this case was imposed and became final well before the enactment of the First Step Act of 2018 on December 21, 2018, Section 401 of the Act does not apply retroactively to the defendant's sentence.

**CONCLUSION**

WHEREFORE, because the retroactive application of the Fair Sentencing Act has no effect on the defendant's statutory range of imprisonment, statutory range of supervised release, or guideline range, the motion should be DENIED.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: *s/ Alicia E. Shick*
Alicia E. Shick
Assistant United States Attorney
Florida Bar No. 0124842
500 E. Broward Boulevard, Suite 700
Fort Lauderdale, FL 33394
Telephone: 954-660-5793
Email: Alicia.Shick@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 27, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and also mailed to:

David A. Rostan
Reg. No. 23005-004
P.O. Box 5000
Yazoo U.S. Penitentiary
Yazoo City, MS 39194

*/s/ Alicia E. Shick*
Alicia E. Shick
Assistant United States Attorney